**Betty Jean ROBINETTE,
Plaintiff-Appellee,**

**v.**

**Harmon David ROBINETTE,
Defendant-Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

July 29, 1986.

Permission to Appeal Denied by
Supreme Court March 9, 1987.

Shelby W. Smoot, Kingsport, for defendant-appellant.

B.C. McInturff, Kingsport, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

In this divorce action, the trial judge granted the wife a divorce, ordered division of the marital property and reserved judgment on the issue of alimony. The husband has appealed, insisting the property division should be revised and the court was without authority to reserve judgment on the issue of alimony.[1]

In arriving at the division of property, the court determined there was an equity of $67,000.00 in the marital residence titled in the names of both parties. He also determined a farm, which he concluded was marital property, located in Virginia and titled to the husband, had a value of $73,-000.00. The marital residence was awarded to the wife and, since the trial judge determined the wife had "more separate funds ... coming into the marriage", the husband was ordered to pay the wife $15,-000.00 cash and a trust deed was ordered on the farm until the amount was paid. The trial judge additionally ordered the

1. On July 9, 1986, the trial judge entered "Amendment to Final Judgment", purporting to amend the judgment on the issue of alimony without finding a change in circumstances. The order is without effect since it was entered more than 30 days after entry of the final judgment.

husband to make 34 mortgage payments on the house to repay $7,000.00 which the wife had given to the husband to purchase a motor vehicle, which was awarded to the husband. He refused to award alimony to the wife since both parties were gainfully employed with the wife earning slightly more than the husband. He reserved the issue of alimony on the ground "if her health conditions became such that she couldn't work ... we'd have to look at that again."

■ The husband insists the farm was not marital property. The parties had been married 27 years at the time of the divorce with three children born to the marriage. The wife had three children by a prior marriage as well. The farm in question was deeded to the husband by his grandmother for a consideration of $3,000.00 in 1974. The wife testified that as additional consideration for the farm, the parties agreed to care for the grantor until she died. The grantor remained on the farm until 1977 and resided with the parties periodically thereafter until her death in 1982. The wife testified to spending considerable time caring for the grantor for the periods of time she resided with the parties. The wife testified she gave the husband monies which were invested on the farm, including fencing. There is evidence that other monies were spent improving the farm and income from cattle and tobacco had been realized from the farming operation which apparently was treated as income to the family. Moreover, title to the property alone is not determinative. *Jones v. Jones,* 597 S.W.2d 886 (Tenn.1979). The evidence does not preponderate against the trial judge's determination that the farm was marital property. T.R.A.P., Rule 13(d).

The wife testified she invested a minimum of $12,000.00 of money which she brought into the marriage in the parties' marital residence. She also testified she sold a diamond ring for $7,500.00, which she gave to the husband to buy an automobile. The husband acknowledged his wife gave him $7,000.00 for the purchase.

■ On reserving the issue of alimony, the husband relies on the general rule followed in Tennessee that where a decree of absolute divorce is final and the decree does not award alimony, the spouse may not be awarded alimony at any subsequent time. *Davenport v. Davenport,* 178 Tenn. 517, 160 S.W.2d 406 (1942); *Darby v. Darby,* 152 Tenn. 287, 277 S.W. 894 (1925). The general and near universal exception to this rule is that alimony may be awarded after a decree of absolute divorce has become final where the right is afforded by statute or reserved in the divorce decree. 27A C.J.S., *Divorce,* § 231 b., 24 Am. Jur.2d, *Divorce and Separation,* § 689 (1983). *See also* 43 A.L.R.2d 1384, § 7 and A.L.R.2d Supplement Service.

No Tennessee case has been called to our attention on the precise issue; however, in the early case of *Richardson v. Wilson,* 16 Tenn. 67 (1835), the Supreme Court held a decree of divorce granted by the legislature reserving the right to subsequently apply for alimony to the courts authorizes the courts to entertain an application for alimony after the divorce is final. Subsequently, in *Toncray v. Toncray,* 123 Tenn. 476, 131 S.W. 977 (1910), the Supreme Court held that where the matrimonial domicile is in this state, the wife could maintain an action for alimony subsequent to the granting of an absolute divorce to the husband in a sister state upon publication.

■ In the instant case, the trial judge concluded the wife's physical condition would probably deteriorate and at that time she would be entitled to an award of alimony. Under the circumstances of this case, we find no abuse of discretion by the trial judge and adopt the majority rule from other jurisdictions which recognizes courts are empowered to reserve the issue of alimony when proper at the time of granting an absolute divorce.

We affirm the judgment of the trial court and remand at appellant's cost.

SANDERS, J., and T. MACK BLACKBURN, Special Judge, concur.