| | |
|---|---|
| CHARLES LORIA, | ) |
| | ) |
| Plaintiff/Appellant, | ) |
| | ) Franklin Chancery |
| | ) No. 22182 |
| VS. | ) |
| | ) Appeal No. |
| | ) 01-A-01-9609-CH-00441 |
| FLORENCE M. LORIA, | ) |
| | ) |
| Defendant/Appellee. | ) |

**FILED**

**March 12, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF WILLIAMSON COUNTY
AT FRANKLIN, TENNESSEE

HONORABLE CORNELIA A. CLARK, CHANCELLOR

Mark W. Henderson
P.O. Box 8822
Gallatin, TN 37066
ATTORNEY FOR PLAINTIFF/APPELLANT


William Carter Conway
236 Court Square
Franklin, TN 37064
ATTORNEY FOR DEFENDANT/APPELLEE

**MODIFIED AND REMANDED**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

SAMUEL L. LEWIS, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| CHARLES LORIA, | ) | |
| --- | --- | --- |
| | ) | |
| **Plaintiff/Appellant,** | ) | |
| | ) | **Franklin Chancery** |
| | ) | **No. 22182** |
| VS. | ) | |
| | ) | **Appeal No.** |
| | ) | **01-A-01-9609-CH-00441** |
| FLORENCE M. LORIA, | ) | |
| | ) | |
| **Defendant/Appellee.** | ) | |

### O P I N I O N

In this appeal by the husband from a divorce decree, the only issue is the award of alimony in futuro rather than rehabilitative alimony. Subordinate issues are the ability of the wife to work, her needs, and the ability of the husband to supply her needs.

At the time of the divorce, each of the parties was 56 years old; they had been married for 35 years and separated for 2-1/2 years; and their children were adults. The husband received a monthly retirement of $2,442.10 and earned $2,499.40 per month from his present employment. The wife was a homemaker during the marriage and worked only at brief intervals. She claims disability for work. The parties owned two residences, four vehicles, and other personalty which were divided to their satisfaction.

As pertinent to this appeal, the divorce decree provided:

1.     The parties were declared to be divorced pursuant to T.C.A. § 36-4-129. (No fault determined.)

2.     Husband was ordered to pay alimony in futuro of $3,000.00 per month until wife's death, remarriage or modification or termination by the Court.

3.     Wife was awarded one-half of husband's pension.

4.     Wife was awarded one-half of husband's interest in the stock in his company.

On appeal, the husband insists that the award of periodic alimony was inconsistent with T.C.A. § 36-5-101(d)(1) which states:

> It is the intent of the general assembly that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and maintenance. Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3). Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony. In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:
>
> (A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
>
> (B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;
>
> (C) The duration of the marriage;
>
> (D) The age and mental condition of each party;
>
> (E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease.
>
> (F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage.
>
> (G) The separate assets of each party, both real and personal, tangible and intangible;
>
> (H) The provisions made with regard to the marital property as defined in Sec. 36-4-121;
>
> (I) The standard of living of the parties established during the marriage.

(J)  The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K)  The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L)  Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

(2)  An award of rehabilitative, temporary support and maintenance shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances. Rehabilitative support and maintenance shall terminate upon the death of the recipient. Such support and maintenance shall also terminate upon the death of the payor unless otherwise specifically stated. The recipient of the support and maintenance shall have the burden of proving that all reasonable efforts at rehabilitation have been made and have been unsuccessful.

Alimony in futuro is a designation of alimony paid periodically, as distinguished from alimony in solido which is paid in a single lump sum of cash or property. Alimony in futuro, or periodic alimony is subject to the continuing control of the Trial Court, whereas alimony in solido or lump sum alimony is generally considered a final judgment, ordinarily unchangeable by the court after expiration of the time for appeal.

Alimony in futuro may be made subject to limitations or conditions, but it nevertheless remains subject to the control of the court. In this respect, rehabilitative alimony may be considered a species of alimony in futuro. It is paid periodically and remains subject to the control of the court. It distinguishing characteristic is the purpose for which it is awarded, which is to provide a temporary income during a period of adjustment and effort of the dependent spouse to become partially or totally self sufficient. During this period, the Court retains the authority to make appropriate adjustments in keeping with changing circumstances and developments.

If a dependent spouse does not satisfactorily strive for self sufficiency, the Court may withdraw part or all of the support allocated to finance rehabilitation. If the dependant spouse demonstrates complete inability to achieve even partial self sufficiency, the Court may grant alimony in futuro to provide for the needs of the dependent spouse.

If the dependent spouse achieves partial self sufficiency but demonstrates inability to achieve total self sufficiency, the Court may grant sufficient alimony in futuro to supplement the earning capacity of the dependent spouse.

Of course, all of the foregoing must be administered within the capability of the supporting spouse to provide the needed support.

In the present case, the first factual question to be answered is, what are the needs of the dependent spouse? Other than fixing the amount of the alimony, the Trial court expressed no finding as to the amount of the wife's needs.

On May 2, 1995, the wife signed a statement reflecting a need for $720.00 per month. The items listed thereon were:

| Groceries | $ 250.00 | Laundry | $ 10.00 |
|---|---|---|---|
| Clothing | 75.00 | Dry Cleaning | 20.00 |
| Gasoline | 80.00 | Haircuts/Hair care | 25.00 |
| Gifts | 25.00 | Entertainment | 100.00 |
| | | Miscellaneous | 75.00 |
| | | Church Contribution | 50.00 |
| | | Books & Magazines | 10.00 |
| | | Sub Total | $720.00 |

| Installment debts not included in above schedule: | Unpaid Balance | Monthly Payments |
|---|---|---|
| Furniture | $_____ | $_____ |
| Car Note | _____ | _____ |
| Appliances | _____ | _____ |
| Mortgage Note | _____ | _____ |
| Hospital | _____ | _____ |
| MasterCard | _____ | _____ |
| Sub Total | _____ | _____ |

Total Monthly Payout    <u>$720.00</u>

On July 24, 1995, the wife signed a statement reflecting needs of $3,153.00 per month consisting of the following:

| | | | | |
|---|---|---|---|---|
| Rent | $ | Laundry | | $10.00 |
| Gas Heat | 75.00 | Dry Cleaning | | 20.00 |
| Electric Bill | 130.00 | Haircuts/Hair care | | 45.00 |
| Water | 47.00 | Babysitter/Day care | | |
| Telephone | 95.00 | Life Insurance | | 50.00 |
| Groceries & Eating Out | 450.00 | Property Insurance | | |
| Cable | 22.00 | Hospital Insurance - Husband to pay | | |
| Recreation | 104.00 | Doctors | | 75.00 |
| Clothing | 125.00 | Dentists | | 35.00 |
| Auto Insurance | 75.00 | Drugs & Health Supplies | | 30.00 |
| Gasoline | 120.00 | Entertainment | | |
| Other Auto Expense | 50.00 | Miscellaneous | | 100.00 |
| Home Maintenance and | | Church Contribution | | 30.00 |
|   Furniture Replacement | 230.00 | Books & Magazines | | 20.00 |
| Gifts | 80.00 | Pest Control/Trash Pickup | | 50.00 |
| Taxes on Alimony | 400.00 | Pet Expenses | | 30.00 |
| Vacation & Travel | 100.00 | | | |
| | | Sub Total | | $2,598.00 |

| | Unpaid Balance | Monthly Payments |
|---|---|---|
| Installment debts not included in above schedule: | | |
| Mortgage Note | $_____ | $ 555.00 |
| MasterCard - $5,130 (Wife is asking that husband pay) | | |
| Vanderbilt Medical Clinic (approximately $600 - wife has given bills to husband.) | | |
| Sub total | $_____ | $ 555.00 |
| Total Monthly Payout | | <u>$3,153.00</u> |

The latter statement acknowledged receipt of $1,207.38 per month from husband's retirement. Thus, the net needs of the wife reflected by the latter statement were $3,153.00 minus $1,207.38, or $1,945.62. Moreover, the mortgage payment would terminate upon sale of the home which would create a need to purchase another home or pay rent. The value of the equity in the two homes was stipulated to be $185,000, so that the wife's expectation from the sale of the homes would be approximately $90,000.00, the price of a modest home or the source of approximately $500.00 per month income.

-6-

It appears from the latter statement of the wife that her needs are approximately $2,000.00 per month.

As to the ability of the husband to pay, the Trial Court made no specific finding. On July 25, 1995, the husband signed a statement reflecting monthly income (including retirement) of $3,706.90. A total of $3,493.08 expenses were listed, including:

REGULAR MONTHLY EXPENSES:

A. General Expenses:

1. Rent or mortgage, including taxes and insurance

| | TN Home | Apartment | Cottage |
|---|---|---|---|
| | $553.42 | $435.00 | $138.66 |

2. Utilities: Water  TN/Apt/Cottage; Gas  0/$100.00
       Electric $100/100/35      Tel  $40/30
                        Total Utilities          $140.00 + $75

3. Car operation (gas, oil, repair, ins.)          $ 216.00

4. Insurance (life and other) for Christine & Candice   $   85.00

5. Installment contracts and monthly payments:
   Personal loans _____;      Auto  $ 375
   Household  ins. on cottage $27.00    Other _____
   Furniture payment $333.00 for 6 months

                 Total Installment Contracts        $ 735.00

| | TN | Apt | Cottage |
|---|---|---|---|
| General Expense Total | $653.42 | $575.00 | $203.66 |

B. Other Expenses (monthly)

| | Myself | Children |
|---|---|---|
| 1. Food | $600.00 | |
| 2. Clothing | 50.00 | |
| 3. Medical, Dental & Drugs | 200.00 | |
| 4. Laundry & Cleaning | 35.00 | |
| 5. Recreation (specify) | 100.00 | |
| 6. School expenses | 0 | |
| 7. Babysitting/other child care | 0 | |
| 8. Beauty or Barber Shop | 10.00 | |
| 9. Other (Specify) | | |
| 10. Other - Cable | 30.00 | |
| 11. Other | | |
| Sub Totals | | |

TOTAL        $ 1,025      Expense $ 3,493.08
             (Monthly)

The items of rent on three residences are not reasonable. The item of automobile expense should be covered by husband's admitted "monthly expense check." With adustments for the unreasonable items, the statement reflects $3,706.90 income and approximately $1,700 per month expense, which leaves the ability to pay $2,000.00 per month.

Accordingly, the alimony in futuro for the first 36 months should be reduced to $2,000.00 per month. This alimony is to be considered "rehabilitative" in the sense that it is intended to provide for the wife during which she is expected to make a reasonable effort to become self sustaining. The award is "temporary" in the sense that it will not continue beyond 36 months unless the Trial Court finds, upon further application and hearing, that, after reasonable efforts to become self sustaining, the wife has been unable to do so and that a continuation of periodic alimony in some amount is necessary and proper.

The judgment of the Trial Court is modified to grant the wife periodic alimony of $2,000.00 per month for 36 months, and to reserve the jurisdiction to extend, modify or terminate alimony according to the circumstances demonstrated to the Trial Court.

In its discretion, this Court assesses the costs of this appeal against the husband. The cause is remanded to the Trial Court for entry of judgment consistent with this opinion and for further appropriate proceedings.

## MODIFIED AND REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____

WILLIAM C. KOCH, JR., JUDGE