COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

May 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| TERESA JAN GILES LAWSON, | ) C/A NO. 03A01-9708-CH-00406 |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| | ) |
| v. | ) APPEAL AS OF RIGHT FROM THE |
| | ) CLAIBORNE COUNTY CHANCERY COURT |
| | ) |
| | ) |
| | ) |
| STEVEN STUART LAWSON, | ) |
| | ) HONORABLE BILLY JOE WHITE, |
| Defendant-Appellee. | ) CHANCELLOR |

For Appellant

MICHAEL G. HATMAKER
Jacksboro, Tennessee

For Appellee

DAVID H. STANIFER
Stanifer and Stanifer
Tazewell, Tennessee

O P I N I O N

AFFIRMED, AS MODIFIED
REMANDED

Susano, J.

In this divorce case, the appellant, Teresa Jan Giles Lawson ("Wife"), contends that the trial court abused its discretion when it failed to grant her request for alimony.

Following a contested hearing, the trial court granted Wife a divorce from Steven Stuart Lawson ("Husband"), awarded her custody of the parties' one remaining minor child, decreed that Husband pay child support of $425 per month, divided the parties' property, and made other decrees that are not relevant to this appeal. The trial court's judgment is completely silent on the issue of alimony; however, the judgment incorporates the trial court's oral opinion rendered at the conclusion of the hearing. The opinion addresses the subject of alimony:

> ...the Court feels that this is not a proper case for alimony. Both of these parties are young, able to earn income, both are employed. There is some disparity in the income that will be taken care of by twenty-one percent of the net income as child support. That will cut his income down and raise hers some, where they'll have something near the same income - gross, but the Court does not feel that this is a proper case for alimony, ...
>
> The Court will adopt the figures of the plaintiff as a fair and equitable division. He, in effect, is taking about one eighty in property. She's taking two fifteen. That's a substantial difference. I think that can be -- of course, that can always be treated as alimony *in solido*, but I think that that is enough difference between the two items.

In this non-jury case, our review is *de novo* upon the record of the proceedings below; but that record comes to us with a presumption of correctness that we must honor "unless the

2

preponderance of the evidence is otherwise." Rule 13(d), T.R.A.P.

On the subject of alimony, it is clear that a trial court has broad discretion in determining whether and to what extent an award of alimony is appropriate. *See* T.C.A. § 36-5-101(a)(1). *See also* **Loyd v. Loyd**, 860 S.W.2d 409, 412 (Tenn.App. 1993). In making an alimony determination, a court should be guided by T.C.A. § 36-5-101, particularly the provisions of T.C.A. § 36-5-101(a)(1)(A)-(L). The "real need" of the requesting spouse "is the single most important factor." **Cranford v. Cranford**, 772 S.W.2d 48, 50 (Tenn.App. 1989). *See also* **Aaron v. Aaron**, 909 S.W.2d 408, 410 (Tenn. 1995). "In addition to the need of the disadvantaged spouse, the courts most often consider the ability of the obligor spouse to provide support." **Cranford**, 772 S.W.2d at 50.

The parties were married for 20 years. At the time of the hearing below, Wife was 40 and Husband was 38. Their union produced two children -- a son, almost 19, who lives with Husband and attends vocational school, and another son, age 16, who is a junior in high school. The minor son lives with Wife.

After finishing high school, Wife began working in clerical positions. In 1978, however, she ceased working outside the home in order to concentrate on the rearing of her children and homemaking.

Husband is vice-president of AJJ Trucking, a contract trucking company owned by Husband's father. He has been with

3

that company for his "entire adult life." He earns a gross wage of $600 per week. His tax returns reflect gross wages from his employment of $32,043 in 1993 and $32,072 in 1994.

For the past four and a half years, Wife has also been employed by AJJ Trucking, where she does clerical work and earns gross wages of $240 per week.

Wife presented an affidavit reflecting expenditures for "basic needs" of $1,275 per month.

On this appeal, Wife argues that she is entitled to periodic alimony *in futuro* or rehabilitative alimony. Husband disagrees; he points out that Wife received $215,000 of the parties' net assets while he received only $177,000.

At the present time, Wife does not need alimony. She lives in a house worth $160,000. There is no mortgage debt. She owns a Volvo and a Ford Explorer, both of which are "free and clear" of any debt. She also received substantially all of the parties' furniture and was awarded an IRA of $17,000; however, she received no cash or other liquid assets in the divorce.

At the present time, Wife's gross wages of approximately $1,040 per month will enable her to meet most of her needs. She also receives child support of $425, which will continue until her youngest child turns 18 on August 14, 1998.

If Wife were employed by someone other than her former husband's family, we would not hesitate to affirm the trial court's judgment of no alimony; but the circumstances of this case are somewhat unique. Wife's present ability to fund her living expenses are very much tied to her at-will employment with her former father-in-law's business. She has limited formal education and limited work experience outside of her employment in the business of Husband's father.

The record indicates that Wife and Husband are able to work harmoniously in the business despite their marital discord. There is no indication that Wife's former father-in-law is dissatisfied with her performance or that her job is in jeopardy; but all of this could change. What cannot change under the present status of this case is the fact that Wife can never receive alimony unless there is some provision for same in the final judgment. *See* **Noble v. Stubblefield**, 755 S.W.2d 454, 458 (Tenn.App. 1988); **Robinette v. Robinette**, 726 S.W.2d 524, 525 (Tenn.App. 1986).

We are faced with two choices in this case: we can leave the trial court's judgment as is and hope that Wife's employment is not terminated without just cause; or we can address the subject of alimony now and hopefully make provision for addressing a need that may arise if Wife's employment is terminated for reasons unrelated to her job performance. In contemplating this choice, we recognize two significant facts in this case: Wife does not have a present need for alimony, and Husband does not have a present ability to pay alimony. He has

5

been saddled with substantial debt in this case.  While a substantial amount of this debt is owed to his father, both parties acknowledge that it represents a valid and enforceable obligation.

We believe that under the unique circumstances of this case, we must address the issue of alimony.  We rely upon the "other factors" provision found at T.C.A. § 36-5-101(a)(1)(L). We find and hold that the appropriate way to address this subject under the unique facts of this case is to reserve the issue of alimony in the final judgment.  There is authority for such an approach in our appellate decisions.  In the **Robinette** case, this court approved the proposition that "courts are empowered to reserve the issue of alimony when proper at the time of granting an absolute divorce."  *Id.*, 726 S.W.2d at 525.

The judgment of the trial court is modified to reserve the question of periodic alimony *in futuro* or rehabilitative alimony for a future determination, in the event future circumstances warrant that the issue of alimony be revisited. This case is remanded to the trial court for the entry of an order providing that the issue of alimony is reserved in this case.  Costs on appeal are taxed to the appellee.


_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Herschel P. Franks, J.

6

_____
Don T. McMurray, J.