| THOMAS MILO LOGAN, | ) | Coffee Chancery |
| | ) | No. 2687 |
| Plaintiff/Appellant, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| MARY JANE LOGAN, | ) | Appeal No. |
| | ) | 01A01-9711-CH-00660 |
| Defendant/Appellee. | ) | |

**FILED**

October 14, 1998

Cecil W. Crowson
Appellate Court Clerk

### IN THE COURT OF APPEALS OF TENNESSEE
### MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE CHANCERY COURT OF COFFEE COUNTY
### AT WINCHESTER, TENNESSEE

### HONORABLE JOHN W. ROLLINS, JUDGE

John Mark Stewart, BPR #011148
300 South College Street
Winchester, Tennessee 37398
ATTORNEY FOR PLAINTIFF/APPELLANT

Michael E. Giffin
ROBERTSON, WORSHAM, GREGORY & GIFFIN
Tennessee Bar No. 01420
105 W. Lincoln
P.O. Box 790
Tullahoma, Tennessee 37388
ATTORNEY FOR DEFENDANT/APPELLEE,

### AFFIRMED AND REMANDED.

HENRY F. TODD, JUDGE

CONCURS:
WILLIAM B. CAIN, JUDGE

CONCURS IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

| THOMAS MILO LOGAN, | ) | Coffee Chancery |
| | ) | No. 2687 |
| Plaintiff/Appellant, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| MARY JANE LOGAN, | ) | Appeal No. |
| | ) | 01A01-9711-CH-00660 |
| Defendant/Appellee. | ) | |

# O P I N I O N

The captioned plaintiff husband has appealed from the post divorce order of the Trial Court denying his petition to terminate periodic alimony. He presents the following issue:

> Whether the trial court erred in refusing to order cessation of appellant's alimony obligation where the preponderance of the evidence showed a substantial and material change of circumstances between the parties so as to justify modification of the final decree.

The appellee wife presents the same issue in the following form:

> Whether the trial court correctly denied the appellant's petition seeking relief from payment of alimony, when the preponderance of the evidence clearly showed that there was no substantial and material change of circumstances between the parties which would justify a modification of the prior order.

The parties were married on April 12, 1952, when the husband was 24 and the wife was 27. They separated in 1976, at which time their only child had reached majority. On December 9, 1977, a decree was entered granting a divorce to the wife upon her counterclaim on the ground of cruel and inhuman treatment, and requiring the husband to pay to the wife $350.00 per month alimony until January 1, 1979, when the alimony was to increase to $400.00 per month.

On February 13, 1997, the husband filed the present petition for reduction of alimony and termination of insurance.

The parties entered into a marital dissolution agreement specifying details of property division and alimony, all of which was approved and adopted by the Trial Court.

The Trial Judge entered an order containing the following:

> Mr. Logan is a seventy year old gentleman who has obviously worked hard all his life and was recently involuntarily retired. Mr. Logan has since the divorce remarried. Mrs. Logan, on the other hand, has chosen not to remarry, which would have stopped the alimony and is now residing in the state of North Carolina where she is living on social security and some interest income. Since the entry of the final decree, Mr. Logan has paid almost one hundred eighty-three thousand dollars in alimony.
>
> In this day and age when marital vows "for better or worse, for richer or poorer, in sickness and in health and until death do us part" confront the legal system too often they are broken, which is unfortunate. In this case attached to the final decree of divorce is a negotiated alimony and property settlement agreement negotiated by competent attorneys and bearing the signatures of the parties. Contracts are made in this state to be not only enforced but a party is entitled to rely upon the terms of the agreement. From a review of all the facts presented to the hearing, it is the opinion of the undersigned that the alimony payments should remain unchanged, however, there appears to be a serious issue of Mr. Logan's insurability and no real practical need to continue his obligation to maintain a thirty thousand dollar policy of life insurance and he is relieved from that obligation.
>
> In all other respects the terms of the final decree shall remain in full force and effect.

At the time of the divorce, the husband was earning $33,430 per year. The wife's earnings were inconsequential. Since the divorce, the husband has been involuntarily retired and his income is now $4,022.00 per month, consisting of $235 pension, $1,287 social security, and $2,500 IRA distribution. He has remarried. His real estate is held jointly with his new wife who earns $25,708 per year. He claims monthly expenses of $4,613 including mortgage payments

-3-

of $341.29, credit union $633.34, $150 gifts and flowers, and various expenses of son, grandson and daughter in-law. In short, no evidence is cited or found which demonstrates that appellant has legitimate expenses of $4,613 per month.

Appellant claims he has health problems, but does not claim disability to perform the functions he is trained to perform. This record does not demonstrate that appellant could not obtain and pursue employment for which he is fitted.

Appellant complains that he has already paid appellee $184,000 in alimony. This fact is not an unanticipated change of circumstances justifying relief from alimony specified in the marital dissolution agreement and ordered in the decree.

Appellant argues that appellee should be required to pay her living expenses out of the funds assigned to her in the marital dissolution and property settlement agreement. No such intent or expectation appears in the agreement.

Appellant argues that appellee should be required to go to work and earn her own living expenses. No such intent or expectation appears in the marital dissolution agreement which specifies the amount of alimony without condition.

Appellee asserts modest living expenses of $1,231 per month. She receives $540 per month social security, and $800 per month alimony, a total of $1,340. She has serious health problems which discourage any effort at rehabilitation. She deserves to preserve her savings to provide security for her old age.

Appellant cites *Loria v. Loria*, Tenn. App. 1997, 952 S.W.2d 836, in which this Court held:

> [2, 3]   Alimony in futuro may be made subject to
> limitations or conditions, but it nevertheless remains subject

to the control of the court. In this respect, rehabilitative alimony may be considered a species of alimony in futuro. It is paid periodically and remains subject to the control of the court. It distinguishing characteristic is the purpose for which it is awarded, which is to provide a temporary income during a period of adjustment and effort of the dependent spouse to become partially or totally self sufficient. During this period, the Court retains the authority to make appropriate adjustments in keeping with changing circumstances and developments.

[4, 5]   If a dependent spouse does not satisfactorily strive for self sufficiency, the Court may withdraw part or all of the support allocated to finance rehabilitation. If the dependent spouse demonstrates complete inability to achieve even partial self sufficiency, the Court may grant alimony in futuro to provide the needs of the dependent spouse.

[6]      If the defendant spouse achieves partial self sufficiency but demonstrates inability to achieve total self sufficiency, the Court may grant sufficient alimony in futuro to supplement the earning capacity of the dependent spouse.

Of course, all of the foregoing must be administered within the capability of the supporting spouse to provide the needed support.

In Loria, this Court was reviewing an original divorce decree which was not based upon a marital dissolution agreement specifying the amount and duration of alimony. The wife's age was 56 and no disability is mentioned in the opinion.

This present appeal involves a decree which was based upon agreed alimony and property division in a prior divorce decree which appellant seeks to revise by subsequent petition. Appellant has the burden of showing an unanticipated change in circumstances which justifies the revision he seeks. He has not carried that burden. *Bowman v. Bowman*, Tenn. App. 1991, 836 S.W.2d 563 and authorities cited therein.

The appellant will derive some relief from termination of the duty to maintain life insurance, as to which appellee makes no complaint.

The judgment of the Trial Court is affirmed. Costs of this appeal are assessed to the appellant. The cause is remanded to the Trial Court for further appropriate proceedings.

-6-

**AFFIRMED AND REMANDED**.

_____
HENRY F. TODD, JUDGE

CONCURS:

_____
WILLIAM B. CAIN, JUDGE

CONCURS IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE