# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY 23, 2002 Session

## WILLIAM HARWELL PERRY v. RICKI C. CHILDS PERRY

**Direct Appeal from the Chancery Court for Tipton County**
**No. 16, 505; The Honorable Martha Brasfield, Chancellor**

---

**No. W2001-01350-COA-R3-CV - Filed March 21, 2002**

---

DAVID R. FARMER, J., concurring in part and dissenting in part.

I concur with the majority's decision regarding the award of attorney's fees in this case, but respectfully dissent from the holding that "it is not necessary to show a substantial and material change in circumstances to modify a temporary, open-ended award of rehabilitative alimony." This holding allows a trial court to modify an award of alimony by simply reserving that right in the divorce decree, thereby circumventing the legislative mandate that awards of alimony may be modified only upon a showing of substantial and material change in circumstances.

The legislature has expressed an intent that, whenever possible, an economically disadvantaged spouse should be rehabilitated by an award of temporary support and maintenance. *Crabtree v. Crabtree*, 16 S.W.3d 356, 358 (Tenn. 2000); Tenn. Code Ann. § 36-5-101(d)(1) (2001). Rehabilitative alimony is "a separate class of spousal support as distinguished from alimony in solido and periodic alimony." Tenn. Code Ann. § 36-5-101(d)(1) (2001). The award "remain[s] in the court's control for the duration of such award, and may be . . . modified, upon a showing of substantial and material change in circumstances." Tenn. Code Ann. § 36-5-101(d)(2) (2001). Thus an award of rehabilitative alimony is always a temporary award. In that it is subject to modification, it is always somewhat "open-ended." However, the legislature has expressed an intent that such "open-endedness" is not without limits. A showing of material and substantial change in circumstances is required to modify an award of rehabilitative alimony.

When called upon to interpret a statute, as we are here, this Court's primary objective is to effectuate the purpose of the legislature. *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000). Insofar as possible, the intent of the legislature should be determined by the natural and ordinary meaning of the words used in the statute, and not by a construction that is forced or which limits or extends the meaning. *Id.* Likewise, the Court must seek to ascertain the intended scope of the statute, neither extending nor restricting that intended by the legislature. *State v. Morrow*, – S.W.3d – , 2002 WL 27513, at *2 (Tenn. Jan. 11, 2002) (citing *State v. Sliger*, 846 S.W.2d 262, 263 (Tenn. 1993)). Our interpretation must not render any part of the statute "inoperative, superfluous, void or insignificant." *Id.* (quoting *Tidwell v. Collins*, 522 S.W.2d 674, 676-77 (Tenn. 1975)). Rather, we

construe statutory provisions within the context of the entire statute, giving effect to its over-arching purpose. *Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 151 (Tenn. Ct. App. 2001).

The purpose of rehabilitative alimony is to provide an economically disadvantaged spouse temporary support for a period of time so that he/she may become self-sufficient. *Loria v. Loria*, 952 S.W.2d 836, 838 (Tenn. Ct. App. 1997). It is also designed to encourage the recipient spouse to become and then remain self-sufficient. *Burlew v. Burlew*, 40 S.W.3d 465, 470-71 (Tenn. 2001). A trial court's award of rehabilitative alimony is based on a finding that the economically disadvantaged spouse can be economically rehabilitated. *Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000). The award "may be modified if the recipient's prospects for economic rehabilitation materially change." *Crabtree*, 16 S.W.2d at 360. In this case, the trial court determined that Ms. Perry could be economically rehabilitated, and awarded rehabilitative alimony while reserving the right to modify that award at a later date. An award of rehabilitative alimony, however, remains within the jurisdiction of the court and is subject to modification for the duration of the period of the award. *Id.*; Tenn. Code Ann. § 36-5-101(d)(2) (2001). However, any subsequent modification must be predicated on a showing of material and substantial change in circumstance. *Id.*

I do not believe the legislature intended to permit the courts to adopt a "wait and see" approach in awarding rehabilitative alimony. The statute provides guidelines for use by the courts in determining the amount and duration of rehabilitative awards. *See* Tenn. Code Ann. § 36-5-101(d)(1) (2001). Once the trial court has determined that economic rehabilitation is feasible, it must apply these guidelines to determine the appropriate amount and duration of the award. *Loria*, 952 S.W.2d at 837. If the recipient spouse does not attempt to become self-sufficient, the court may reduce or terminate the rehabilitative award. *Id.* at 838. If the recipient can show that economic rehabilitation has not been possible, or that it has been only partially possible, the trial court may then award alimony *in futuro*. *Crabtree*, 16 S.W.3d at 360; *Loria*, 952 S.W.2d at 838. However, the burden is on the recipient spouse to prove that rehabilitation has not been possible and that alimony in futuro is needed. Tenn. Code Ann. § 36-5-101(d)(2) (2001); *Crabtree*, 16 S.W.3d at 359. The court also may modify the original award of rehabilitative alimony upon a showing of material and substantial change in circumstance. *See* Tenn. Code Ann. § 36-5-101(d)(2) (2001). When determining whether a modification of an alimony award is justified, the court must give equal weight to the need of the recipient spouse and the ability of the obligor spouse to pay. *Bogan v. Bogan*, 60 S.W.3d 721, 730 (Tenn. 2001).

In *Robinette v. Robinette*, 726 S.W.2d 524, 525 (Tenn. Ct. App. 1986), this Court adopted the majority rule from other jurisdictions permitting the trial court "to reserve the issue of alimony when proper at the time of granting the divorce." Such a reservation, however, is to be used only "when proper." *Id.* As an exception to the general rule, it should be sparingly used in unique factual situations. *See, eg., Lawson v. Lawson*, No. 03A01-9709-CH-00406, 1998 Tenn. App. LEXIS 339, at *6 (Tenn. Ct. App. May 20, 1998). It should be noted, moreover, that *Robinette* addressed a determination of whether alimony should be awarded at all. *Robinette* provided an exception to the rule that if no alimony was awarded at the time of the final decree, it could not be subsequently awarded. *Robinette*, 726 S.W.2d at 525. Under *Robinette*, if a trial court determines that alimony

is not needed at the time of the divorce, but that it may become necessary in light of the facts as they exist at the time of the divorce, it may, in its sound discretion, reserve the issue of alimony while granting an absolute divorce. *Id*.

The legislature and the courts have expressed a public policy in favor of the finality of divorce issues. *See, eg., Waddey v. Waddey*, 6 S.W.3d 230, 234 (Tenn. 1999). I agree that in rare cases it may be prudent or necessary to reserve the determination of whether alimony should be awarded while granting a final divorce. Such instances should be limited, however, to extenuating factual situations. In the present case, the trial court did not reserve the issue of whether to award alimony. It awarded rehabilitative alimony and reserved jurisdiction to modify that award. As noted, continuing jurisdiction over the award during its pendency is provided by statute. However, the statute does not permit the trial court to modify an award which has not been appealed simply by reserving that right. If such were the case, the trail court could reserve the right to modify an award for any reason. This circumvents the legislative intent expressed by the statute.

The legislature and the courts have recognized that there may be significant changes in circumstances which warrant the modification of an alimony award. *See generally, Bogan v. Bogan*, 60 S.W.3d 721 (Tenn. 2001). The legislature has expressed that these changes must be both material and substantial. This Court and the Tennessee Supreme Court have interpreted the legislative intent of the statute to reflect a policy that a final decree of divorce should settle the legal issues between the parties with a high degree of finality. *See Waddey*, 6 S.W.3d at 234 (quoting *Harshfield v. Harshfield*, 842 P.2d 535, 539 (Wyo. 1992), for the proposition that otherwise, "the finality of divorce would be illusory."). Issues of modification, therefore, are subject to a factually driven material and substantial change test. *Bogan*, 60 S.W.3d at 727. The exception provided by *Robinette* is consistent with the recognition that the Code provides "the trial court elasticity of action necessary to meet the equities of the case." *Waddey*, 6 S.W.3d at 233 (quoting *Rogers v. Rogers*, 795 S.W.2d 667, 668 (Tenn. 1990)). This elasticity, however, is limited by express provisions in the Code, such as that requiring a showing of a substantial and material change in circumstance which justifies the modification of an alimony award. Such limitations on the Court's ability to modify awards of alimony specifically are noted by this Court in *Loria* and the Supreme Court in *Crabtree*. In *Loria*, we stated, "the Court retains the authority to make appropriate adjustments in keeping with *changing circumstances and developments*." *Loria v. Loria*, 952 S.W.2d 836, 838 (Tenn. Ct. App. 1997)(emphasis added). In *Crabtree*, the Supreme Court noted, "rehabilitative alimony may be modified if the recipient's prospects for economic rehabilitation *materially change*." *Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000)(emphasis added). I therefore respectfully disagree with my colleagues that "it is not necessary to show a substantial and material change in circumstances to modify a temporary, open-ended award of rehabilitative alimony." Accordingly, I must dissent from the majority to this extent.

_____
DAVID R. FARMER, JUDGE