IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JANUARY 23, 2002 Session

## WILLIAM HARWELL PERRY v. RICKI C. CHILDS PERRY

**Direct Appeal from the Chancery Court for Tipton County**
**No. 16, 505; The Honorable Martha Brasfield, Chancellor**

---

**No. W2001-01350-COA-R3-CV - Filed March 21, 2002**

---

Holly Kirby Lillard, J., concurring separately.

I concur with the majority opinion in this case, but write separately to elaborate on my reasoning regarding the issue raised in the partial dissent in this case.

Tennessee Code Annotated § 36-5-101(d)(2) provides as follows:

> An award of rehabilitative, temporary support and maintenance shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated or extended, or otherwise modified, upon a showing of substantial and material change in circumstance.

Tenn. Code Ann. § 36-5-101(d)(2)(2001). The dissent applies this statute to the case at bar, arguing that the statute would require the wife in this case to show a substantial and material change in circumstances in order to receive continued rehabilitative alimony, even where the award is expressly open-ended and non-final. If this were true, however, the statute could arguably apply to a *pendente lite* award of alimony as well. Clearly it would be anomalous to require a showing of a substantial and material change in circumstances to modify such an award.

One of the purposes of Section 36-5-101 (d)(2) is to establish that the trial court retains continuing control over an award of rehabilitative alimony. Such a provision is unnecessary in the case of a non-final order; if the award is not final, the trial court's continuing control is apparent. This indicates that Section 36-5-101(d)(2) is intended to apply only to a final award of rehabilitative alimony, since statutory authority could be necessary to establish that such an award, although final, remains in the control of the trial court. Requiring a showing of substantial and material change to modify a final award of rehabilitative alimony is appropriate.

The dissent expresses concern about permitting a trial court to adopt a "wait and see" approach in awarding rehabilitative alimony. This concern is justified, but on occasion such an approach is warranted. *See Robinette v. Robinette*, 726 S.W.2d 524 (Tenn. Ct. App. 1986).

Considering all of the circumstances in this case, I do not believe that the trial court abused its discretion by entering an order on rehabilitative alimony that was non-final. For these reasons, I concur separately.

_____

HOLLY KIRBY LILLARD, J.