IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 1, 2021 Session

**BRENDA S. HARPER v. WILLIAM H. HARPER**

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-DI-02-436     Laurence M. McMillan, Jr., Chancellor**

———————————————————

**No. M2020-00412-COA-R3-CV**

———————————————————

In proceedings between ex-spouses long after the entry of their final divorce decree, the trial court concluded that it lacked authority to order the division of service-related disability benefits. The court also declared void a portion of the divorce decree that divided military retirement as marital property. As a result of the rulings, one of the parties sought relief from the divorce decree, arguing that she should be awarded alimony. The trial court denied relief. We affirm with modifications.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Brenda S. Harper, Clarksville, Tennessee, pro se appellant.

John T. Maher, Clarksville, Tennessee, for the appellee, William H. Harper.

**OPINION**

**I.**

**A.**

In 2003, Brenda Harper and William Harper divorced. Mr. Harper was a member of the United States Army. The final decree of divorce included the following provision addressing the division of Mr. Harper's military retirement:

[Ms.] Harper shall receive Fifty (50%) Percent of [Mr. Harper's] military retirement, beginning December 1, 2003. [Mr. Harper] shall pay this amount directly to [Ms. Harper] until such time that the military allotment begins and [Ms. Harper] receives said amount directly from the military. Further, [Mr. Harper] shall protect [Ms. Harper's] interest in this retirement by enrolling in the Survivors Benefit Plan, and the expenses for such enrollment shall be paid equally by the parties, one-half each, or however that may work out with the military.[1]

Although Ms. Harper requested an award of rehabilitative alimony in the divorce, the decree made no provision for alimony.[2]

After the divorce decree, the case continued unabated for years with Ms. Harper and Mr. Harper filing various motions or petitions either pro se or with the assistance of counsel. Many of these motions and petitions focused on the division of Mr. Harper's military retirement.

In early 2005, the court entered an order finding that Mr. Harper was behind in paying Ms. Harper her share of his military retirement. And it set the amount of arrearage. But problems persisted. A short time later, Ms. Harper filed a pro se "Motion for Complainant to Comply with Order" in which she complained that Mr. Harper was taking money from her without authorization.

In response, Mr. Harper moved to modify the divorce decree. As grounds, he claimed that, prior to the entry of the decree, he had waived a portion of his military retirement to receive service-connected disability benefits. And he alleged that the court had improperly treated his disability benefits as marital property subject to division.

The court agreed with Mr. Harper. In an order entered in June 2005, it noted that, during the course of a divorce proceeding in which there had been multiple hearings, there had been "no discussion about the difference between disability pay and [military] retirement." And the language in the final decree dividing Mr. Harper's military retirement had been based on a proposed marital dissolution agreement "that he urged upon the court at the time of the divorce." Then the court proceeded to explain that "Fifty (50%) Percent of [Mr. Harper's] military retirement" did not include his service-connected disability benefits:

---

[1] Apparently, a marital dissolution agreement was signed by the parties that contained a similar provision dividing Mr. Harper's military retirement. But on the day the case came on for trial, Ms. Harper claimed that she had been coerced into signing the MDA. The trial court found no evidence of coercion, but the MDA, "basically, [wa]s going to be what the Court rules."

[2] Ms. Harper appealed, but the appeal was dismissed for failure to file a bond for costs. *Harper v. Harper*, No. M2013-01514-COA-R3-CV, 2014 WL 1422893, at *1 (Tenn. Ct. App. Apr. 10, 2014).

Based on Mr. Harper's having waived a portion of his military retirement prior to the divorce, that portion was no longer retirement. The court could not have divided the disability payments. Any order doing so without agreement of Mr. Harper would be void as the court had no power to do so. Mr. Harper did not affirmatively agree that his retirement would include disability. [Ms.] Harper should have been aware of the disability payments prior to the divorce. The court believes that it has no option but to determine that military retirement did not include the disability benefits.

The court recognized that its ruling would "further reduce the income of [Ms.] Harper."

Although Ms. Harper did not appeal the court's ruling, she did continue to contest the court's interpretation of the divorce decree, specifically the division of the military retirement. Shortly after the court's ruling, she filed a pro se "Rule 60 Act." In the pleading, she explained that, "[a]t the final hearing in this matter, the court stated that the only real a[sset] to the divorce was the military retirement." And she was given 50% of Mr. Harper's retirement. But it was "vag[ue] and unclear as to what the judge me[a]nt." She asked for the judge's interpretation of what "50% of [Mr. Harper's] retirement" meant. And she argued for an award of his disability because she "suffers from the same side effects from Saudi that Mr. Harper suffers."

The court responded by making specific findings about the effect of its previous ruling. The court found that, at the time of the divorce, Mr. Harper had a 10% disability. And it held "that the 10% of Mr. Harper's military retirement deemed to be disability pay at the time of the divorce is not divisible as marital property."

B.

In 2015, Mr. Harper's military retirement became an issue again. Ms. Harper filed a petition for enforcement in which she alleged that Mr. Harper was not properly calculating her share of his retirement and was behind in payments. Ms. Harper also claimed that Mr. Harper was refusing to provide her with his retirement statements. She asked for a judgment for the arrearage and that Mr. Harper be held in contempt.

Apparently, Ms. Harper did not initially prosecute her petition. It was not until 2018 that Mr. Harper filed an answer to the petition and a counter complaint. In the counter complaint, he alleged that he was impermissibly "being required to pay an amount in excess of the division of disposable military pay."

Later, Mr. Harper filed a motion for summary judgment. The motion claimed that the court's order from 2005 addressing military retirement required him to pay Ms. Harper "50% of the amount of the monies he received as a VA disability waiver." And an order

3

requiring him to share his disability payments from the Department of Veterans Affairs was beyond the court's subject matter jurisdiction. So, the motion concluded, the court's prior order from 2005 was void.

Ms. Harper opposed the motion for summary judgment on various grounds. She also filed what she styled a "Rule 60 Amended Complaint." She argued, that if the court agreed with Mr. Harper's position, a portion of the divorce decree dividing Mr. Harper's military retirement was also void. And, as a result of the loss of that income, she needed alimony. So she asked the court to hold a hearing to determine the appropriate amount.

After considering the motion and the response of Ms. Harper, on October 11, 2018, the court agreed that its prior order from 2005 was void and unenforceable. The court concluded that Mr. Harper was not required to pay Ms. Harper any portion of his veteran's disability benefits. The court did not address the relief requested by Ms. Harper in her "Rule 60 Amended Complaint."

On February 11, 2020, the court denied Ms. Harper relief. The court agreed with Ms. Harper that the portion of the divorce decree that awarded her a portion of Mr. Harper's military retirement was also void, not just its prior order from 2005. The court based that conclusion on the holding of *Howell v. Howell*, 137 S. Ct. 1400 (2017). Still, the remainder of the divorce decree remained in effect. And the court could not revisit the issue of alimony.

## II.

Ms. Harper represents herself on appeal. She frames the issue for review as follows: "Whether the trial court lacked jurisdiction to partially modify the final decree of divorce as it relates to division of marital property." As we understand her argument, Ms. Harper submits it is manifestly unfair to set aside only one portion of the division of marital property based on a case decided after the entry of the divorce decree. In her words, "the only equitable remedy is to set aside the entire marital division and have the trial court rehear this matter on the issue of the division of marital property, including whether an award of alimony is appropriate, and issue an order in line with the current status of the law."

In addition to the issue raised by his former spouse, Mr. Harper raises his own concerns. He first claims that Ms. Harper's appeal is untimely. He also argues that any of Ms. Harper's claims for alimony are either time barred or waived. And he claims that this appeal is frivolous and requests an award of his attorney's fees.

### A.

Before considering Ms. Harper's issue, we first address Mr. Harper's claim that this

4

appeal is untimely. If a notice of appeal is not timely filed, we lack subject matter jurisdiction to hear the appeal. *McGaugh v. Galbreath*, 996 S.W.2d 186, 189 (Tenn. Ct. App. 1998). Subject matter jurisdiction is a threshold inquiry that is considered in every appeal irrespective of whether the issue is raised by the parties. Tenn. R. App. P. 13(b); *State v. Carter*, 988 S.W.2d 145, 148 (Tenn. 1999). If we lack subject matter jurisdiction, we are required to dismiss the appeal. *See* Tenn. R. App. P. 3(e); *Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

Mr. Harper's argument that Ms. Harper's appeal is untimely is premised on the assertion that the October 11, 2018 order granting his motion for summary judgment on his counter complaint was a final judgment. In an appeal from a final judgment, the notice of appeal must be filed within thirty days after entry of the judgment. Tenn. R. App. P. 4(a). Ms. Harper did not file her notice of appeal until March 11, 2020.

We conclude that the final judgment was entered on February 11, 2020, and that Ms. Harper's appeal is timely. A final judgment is a judgment "that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009). To determine "whether an order operates as a final judgment, we must examine the parties' claims and the manner in which the trial court adjudicated those claims." *Id.* at 836. The October 11, 2018 order granting Mr. Harper summary judgment only resolved Mr. Harper's counter complaint. The order left unresolved Ms. Harper's claims, including her request for relief from the divorce decree if the court accepted Mr. Harper's claim that the division of the military retirement was void. The court did not resolve Ms. Harper's claims until its February 11, 2020 order, making it the final order. *See Edwards v. Banco Lumber Co., Inc.*, 101 S.W.3d 69, 75 (Tenn. Ct. App. 2002) (recognizing that an order or judgment is final when it disposes "of all pending claims").

B.

For her issue, Ms. Harper contends that the trial court lacked jurisdiction to partially modify the final decree of divorce as it relates to division of marital property. Although we do not find the issue to be a question of the trial court's jurisdiction, we do agree that a division of marital property "is final and unchangeable as any other court judgment, and not subject to modification except for fraud and other grounds upon which any judgment may be attacked." *Vanatta v. Vanatta*, 701 S.W.2d 824, 827 (Tenn. Ct. App. 1985). One of those grounds is when the judgment is void. *See* Tenn. R. Civ. P. 60.02(3) (allowing a party to seek relief from a final judgment or order if the judgment is void). Here, the court determined that, after the divorce Mr. Harper's "retirement was reclassified, and under the operation of *Howell* [*v. Howell*, 137 S. Ct. 1400 (2017)], the portion of [Mr. Harper's] retirement to [Ms. Harper] has been rendered void." So the court concluded "the portion of the Final Decree which awarded a portion of [Mr. Harper's] military retirement to [Ms. Harper] is void."

5

As a veteran of the United States Army, Mr. Harper was entitled to receive "retired pay." *See* 10 U.S.C. §§ 3911-3929 (2017). He was also eligible for "service-connected" disability benefits. *See* 38 U.S.C. §§ 1110, 1131 (2020). But, in order to receive service-connected disability benefits, federal statute required him to waive an amount of his retired pay equal to the amount of the disability benefit. *Id.* § 5305. As the United States Supreme Court observed in *Mansell v. Mansell*, such "waivers of retirement pay are common" because, unlike military retirement pay, "disability benefits are exempt from federal, state, and local taxation." *Mansell v. Mansell*, 490 U.S. 581, 583-84 (1989) (internal citations omitted).

The record shows that, by the time of entry of the divorce decree, Mr. Harper had retired from the Army and had waived 10% of his military retirement pay in order to receive a corresponding amount of disability. This decision, which was not revealed to the court, impacted the property that was subject to division. Under the Supreme Court's holding in *Mansell*, the trial court only had authority to divide "disposable retired pay" as that term is defined by federal statute. *Id.* at 588; *see* 10 U.S.C. § 1408(c)(1) (2020) (granting state courts the authority to "treat disposable retired or retainer pay . . . either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court"). Disposable retired pay excludes that portion of retired pay that has been waived in order to receive disability benefits administered by the Department of Veterans Affairs. *Mansell*, 490 U.S. at 594-95; *see* 10 U.S.C. § 1408(a)(4)(A) (defining "disposable retired pay").

Once the trial court was alerted to Mr. Harper's waiver of military retirement pay, it held that the divorce decree did not divide his service-connected disability benefits.[3] The problem for Ms. Harper was that, after the divorce decree, Mr. Harper waived more retirement pay in order to receive additional disability benefits. This problem was anticipated by the dissenters to the *Mansell* decision. As they recognized, under the Court's holding, "a military retiree has the power unilaterally to convert [marital] property into separate property and increase his after-tax income, at the expense of his ex-spouse's financial security and property entitlements." *Mansell*, 490 U.S. at 601 (O'Connor, J., dissenting). As the retiree increases his disability benefits and waives a corresponding amount of his retirement pay, his obligation to his former spouse decreases. *See id.*

From this record, we cannot determine how much of his military retirement Mr. Harper has waived. At one point, Ms. Harper alleged that Mr. Harper was seeking to waive "over 75%" of retirement pay. But, even if he has now waived 100%, it did not render any part of the divorce decree void. "[A] judgment is void if it appears on the face of the record itself that the court lacked subject matter jurisdiction, the judgment was

_____

[3] The manner in which the court calculated the amount due to Ms. Harper from Mr. Harper's retirement pay following the 10% waiver was not appealed and is not an issue before us.

outside of the pleadings, or the court lacked jurisdiction over the parties." *Hussey v. Woods*, 538 S.W.3d 476, 483 (Tenn. 2017). None of those conditions appear on the face of the divorce decree.

The division of the military retirement is still valid, but as the Court held in *Mansell*, the division only extends to "disposable retired pay." *Mansell*, 490 U.S. at 588. During the course of the divorce and afterward, that amount changed as Mr. Harper waived retired pay in order to receive disability benefits administered by the VA. So Ms. Harper's interest in the military retirement has been impaired in that she now receives less than what she was awarded. The question becomes can anything be done about it?

C.

Ms. Harper suggests that the trial court could have employed the remedy used by the Tennessee Supreme Court in *Johnson v. Johnson*. 37 S.W.3d 892 (Tenn. 2001), *abrogated by Howell v. Howell*, 137 S. Ct. 1400 (2017). The case involved similar facts, but in *Johnson*, the former spouses entered into a marital dissolution agreement that was incorporated in the divorce decree. *Id.* at 894. The MDA provided that husband would pay wife one-half of husband's military retirement. *Id.* Following the divorce, husband "elected, pursuant to federal law, to receive a portion of his retirement pay in the form of tax-free disability benefits." *Id.* And "[h]is retirement pay was reduced by the amount of those disability benefits to avoid double payment." *Id.* So payments to wife were also reduced. *Id.*

Wife petitioned to "modify" the divorce decree. *Id.* at 895. She asked for an award of alimony equal to the amount of retirement pay she had lost due to husband's decision to receive disability benefits. *Id.*

The supreme court held "that when an MDA divides military retirement benefits, the non-military spouse has a vested interest in his or her portion of those benefits as of the date of the court's decree." *Id.* at 897. When a military spouse unilaterally diminishes that interest by waiving retirement post-divorce, "[s]uch an act constitutes an impermissible modification of a division of marital property and a violation of the court decree incorporating the MDA." *Id.* at 897-98. So the court remanded the case to the trial court to enforce the divorce decree, but without dividing husband's disability pay. *Id.* at 898.

The problem with Ms. Harper's suggestion is that the remedy adopted by the court in *Johnson*, also termed the vested interest approach, is preempted by federal law. *Howell*, 137 S. Ct. at 1405. The trial court recognized this by citing to the Supreme Court's decision in *Howell*. Although *Howell* suggests alternative remedies for non-military spouses given that they can only be granted a contingent interest in military retirement pay, those remedies are no longer available to Ms. Harper because they only could have been pursued

before entry of the final decree.[4]  *Id.* at 1406 (recognizing "a family court, when it first determines the value of a family's assets, remains free to take account of the contingency that some military retirement pay might be waived, or . . . take account of reductions in value when it calculates or recalculates the need for spousal support"[5]).  So the court properly denied Ms. Harper relief.

## III.

Mr. Harper asserts that this appeal is frivolous, and he seeks an award of his attorney's fees as damages.  Under Tennessee Code Annotated § 27-1-122 (2017), an appellate court may award damages, including attorney's fees, against an appellant if an appeal is frivolous or taken solely for delay.  The statute authorizing an award of damages for frivolous appeals "must be interpreted and applied strictly so as not to discourage legitimate appeals."  *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-122).

Given our conclusion that the portion of the divorce decree dividing military retirement was not rendered void, we do not find Ms. Harper's appeal frivolous.  A frivolous appeal is one "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or that has "no reasonable chance of success."  *Davis*, 546 S.W.2d at 586.

## IV.

We affirm the denial of Ms. Harper's request for relief, but we modify the court's order to the extent it holds that the division of Mr. Harper's military retirement in the divorce decree is void.  The division of military retirement remains valid to the extent of Mr. Harper's "disposable retired pay" as that term is defined in the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408.  This case is remanded to the trial court for such other proceedings as are necessary and consistent with this opinion.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

---

[4] Another potential remedy may be a contractual provision in an MDA or property settlement agreement that requires the military spouse to reimburse or indemnify his or her non-military spouse for any reduction in retirement pay.  *But see Vlach v. Vlach*, 556 S.W.3d 219, 224-25 (Tenn. Ct. App. 2017) (suggesting, in dicta, such a remedy may be impermissible).

[5] As noted above, Ms. Harper was not awarded spousal support.  Generally, "where a decree of absolute divorce is final and the decree does not award alimony, the spouse may not be awarded alimony at any subsequent time."  *Robinette v. Robinette*, 726 S.W.2d 524, 525 (Tenn. Ct. App. 1986)