IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 11, 2002 Session

## JOHN FRANKLIN GARLAND v. TONIA KAY LEMASTER GARLAND

**Direct Appeal from the Family Court for Rhea County**
**No. 21413    Hon. James W. McKenzie, Judge**

**FILED FEBRUARY 10, 2003**

**No. E2002-00949-COA-R3-CV**

In this divorce action, the wife appeals the alimony award and amount of attorney's fees awarded to her. On appeal, we Affirm as Modified.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Family Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Grace E. Daniell, Chattanooga, Tennessee, for Appellant, Tonia Kay Lemaster Garland.

Howard L. Upchurch, Pikeville, Tennessee, for Appellee, John Franklin Garland.

### OPINION

In this divorce action the Trial Court granted the parties a divorce, ordered the husband to pay $600.00 per month in rehabilitative alimony for 24 months, and awarded the wife $750.00 as attorney's fees.

The wife has appealed and raises these issues:

1. The Trial Court erred in the amount and duration of alimony awarded.

2. The Trial Court erred in refusing to award the wife her reasonable attorney's fees.

The parties were married in 1985 and separated in 2001 with one minor child born to the marriage in 1995. The husband had worked for Lear Corporation and its predecessor companies for 17 years at the time of trial and was earning approximately $80,000.00 per year, including a bonus of $7,300.00. He had health insurance, pension and retirement savings through his employment, and earned a B.S. degree in business management from Bryan College in 1998. The wife has worked in accounting and bookkeeping positions throughout the marriage, except for one month when the parties moved to Tennessee. She has an A.S. degree in accounting and lacks only 3 hours to obtain a B.S. degree in business management from Bryan College, the same degree as the husband. Her earnings were approximately $29,000.00 per year. At her last employment she worked for 10 years, advancing to the title of account manager, and when she left that position in July of 2000, she continued to receive her full salary for 2 years, until July 2002, as a result of an out-of-court settlement. She testified she was staying at home to care for the minor child until her salary terminated, and then she hoped to find a position earning around $30,000.00 per year.

The husband's income and expense affidavit shows a net monthly income of $4,130.38 and expenses of $4,072.66. The wife's income and expense affidavit shows a net monthly income of $1,819.42 and expenses of $4,234.50, or a monthly deficit of $2,315.08. Examination about her statement revealed that wife omitted $500.00 alimony and $890.00 in child support on her monthly income statement, and listed daycare expenses of $320.00 which have not been incurred since she was staying at home. She testified that she took $4,000.00 against a Discover card, plus an additional loan of $3,500.00 from her godmother to pay attorney's fees. These items were listed on the "regular monthly expenses" portion of the statement.

At the close of the proof, the Trial Court divided the assets and debts of the parties, which are not at issue on appeal, and ordered $600.00 per month rehabilitative alimony for 2 years and $750.00 for attorney's fees.

The strong policy preference for awarding rehabilitative support whenever possible is clearly expressed by the legislature in statute as well as in court decisions. Tenn. Code Ann. §36-5-101(d); *Wilson v. Moore*, 929 S.W.2d 367, 375 (Tenn. Ct. App. 1996).

Wife has worked full time during virtually all of the marriage and recently left a supervisory position, and the Trial Court found she does have marketable job skills. She only needs 3 hours to complete her Bachelor's degree, which would likely increase her earning capacity. The Trial Court found she was capable of rehabilitation and an *in futuro* award of alimony was not warranted on the facts of the case. If her prospects for economic rehabilitation should materially change, then rehabilitative alimony could be modified or even made *in futuro. Loria v. Loria*, 952 S.W.2d 836, 840 (Tenn. Ct. App. 1997).

The wife argues that the Trial Court refused to take into account marital fault, which is one of the 12 statutory factors to be evaluated by the trial court. *See* Tenn. Code Ann. §36-5-101(d)(1)(K). Nevertheless, rehabilitative alimony is not to be determined for punitive purposes, and is not awarded for virtue, nor an annuity or life-time profit-sharing plan. *Brown v. Brown*, 912

S.W.2d 155, 159-160 (Tenn. Ct. App. 1995); *Lancaster v. Lancaster*, 671 S.W.2d 501, 503 (Tenn. Ct. App. 1984); *Duncan v. Duncan*, 686 S.W.2d 568, 571 (Tenn. Ct. App. 1984).

The "Agreed Order" granting the divorce states that "upon stipulation of the plaintiff, John Garland, that he is at fault in causing this divorce, it is Ordered, Adjudged and Decreed that defendant is hereby granted the divorce on the grounds that plaintiff is guilty of inappropriate marital conduct." We conclude the failure of the Court to permit the wife to offer evidence of the husband's adultery under all the circumstances is harmless error.

The wife argues that she should receive a larger award in view of the length of the marriage and the disparity in the parties' incomes and earning potential. The Code provides guidance on an appropriate standard to apply to the level of rehabilitative support. Tenn. Code Ann. §36-4-101(d)(1) states that "a spouse who is economically disadvantaged, relative to the other spouse, [should] be rehabilitated whenever possible. . . ." The statute goes on to state:

> (B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level.

The wife, after leaving her employment, has not been motivated to complete the requirements for her college degree, and expressed no intention to do so in the near future. We do not interfere with discretionary decisions of the trial court, unless it "affirmatively appears that the trial court has improperly used, or manifestly abused, its discretion to the great injustice and injury of the party complaining. . . ." *Bruce v. Bruce*, 801 S.W.2d 102, 107 (Tenn. Ct. App. 1990). Based upon the proof, given the wife has a continuous work record up until her recent paid sabbatical, and that she could increase her earning capacity in a short time by completing her college degree, we conclude the Trial Court did not abuse its discretion in its award of rehabilitative alimony.

Attorney's fees are a form of alimony, subject to the trial court's discretion, and appellate courts will not interfere with an award of fees, absent a showing that the court abused its discretion in this regard. *Cranford v. Cranford*, 772 S.W.2d 48 (Tenn. Ct. App. 1989); *Hanover v. Hanover*, 775 S.W.2d 612 (Tenn. Ct. App. 1989). Whether a fee award and the amount granted is proper is subject to the same statutory considerations as other types of support. *Lindsey v. Lindsey*, 975 S.W.2d 175, 181 (Tenn. Ct. App. 1997).

In this case the divorce trial concluded on August 20, 2001, but the Decree was entered *nunc pro tunc* the following year. On August 20, the Trial Court awarded the wife $750.00 as attorney's fees, and on August 24, 2001 the wife filed an Application for Attorney's Fees, and submitted documentation of work done, as well as hours incurred by her attorney. In this case the wife properly questioned the reasonableness of the fee awarded by making the subsequent Application and documenting the basis for legal fees incurred. *See Wilson Management Co. V. Star Dist. Co.,* 745 S.W.2d 870, 873 (Tenn. 1988). The record reveals that the Trial Court did give the

wife a hearing on her request for additional attorney's fees on January 28, 2002, but it is not clear from the Court's comments in the record as to why he rejected the wife's claim for additional fees. The husband's attorney did not argue their unreasonableness, except for denying that husband's actions had caused the wife to incur additional legal fees. The Trial Court's initial award of $750.00, and his later affirmation apparently did not take into account the evidence offered by the wife as to the reasonableness of the fees incurred. The husband argues that wife should not have attorney's fees because she was provided "assets with an equitable value of approximately $62,000.00" as a division of marital property. However, this fact is not a basis to deny the award. We believe the Trial Judge abused his discretion on this issue and upon considering the evidence in the record we conclude that the wife should be awarded attorney's fees of $5,000.00 against the husband.

We affirm the Judgment of the Trial Court, as modified, and upon remand, the Trial Court is directed to determine a reasonable fee for wife, based on legal services rendered on appeal to procure an award of a reasonable attorney's fee. The cost of the appeal is assessed one-half to John Franklin Garland, and one-half to Tonia Kay Lemaster Garland.

_____
HERSCHEL PICKENS FRANKS, J.