IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 13, 2012 Session

## LINDA ALEXANDER OWENS v. JAMES EMERY OWENS

**Appeal from the Circuit Court for Davidson County**
**No. 03D535      Philip E. Smith, Judge**

---

**No. M2012-01186-COA-R3-CV - Filed July 30, 2013**

---

Wife was awarded rehabilitative alimony in 2004 that was to terminate in 2012. In 2009 Wife filed a petition to increase the duration and amount of her alimony, or, in the alternative, for an award of alimony *in futuro*. The trial court found Wife was in need of support, but it denied Wife's petition, finding Wife had not used all reasonable efforts to rehabilitate herself. On appeal we find Wife's inability to be rehabilitated as that term has been defined by the legislature warrants a modification of Wife's alimony award. We reverse the trial court's judgment denying Wife's petition for alimony and conclude Wife is entitled to alimony *in futuro* but in a lesser amount. We affirm the trial court's judgment denying Wife's request for attorney's fees.

**Tenn. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in Part and Affirmed in Part**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Sarah Richter Perky, Nashville, Tennessee, for the appellant, Linda Alexander Owens.

Roger Alan Maness, Clarksville, Tennessee, for the appellee, James Emery Owens.

### OPINION

### I. BACKGROUND

Linda Alexander Owens ("Wife") and James Emery Owens ("Husband") had been married for about twenty-five years when they were divorced in 2004. The trial court divided the marital property and awarded Wife rehabilitative alimony. On appeal this court altered the division of marital property and increased both the amount and duration of rehabilitative

alimony to $3,000 per month beginning in May 2007 and ordered Husband to continue making these payments through November 2012. This court also awarded Wife the attorney's fees she incurred at trial. *Owens v. Owens*, 241 S.W.3d 478 (Tenn. Ct. App. 2007).

Wife filed a petition in October 2009 seeking an increase of her alimony payments in both amount and duration, or, in the alternative, alimony *in futuro*. Wife also sought an award of her attorney's fees. Wife alleged she has been unsuccessful in her endeavors to earn a living by selling real estate or working as a yoga instructor. Wife stated she has had to borrow money from her mother, withdraw money from her individual retirement account, and increase her credit card debt to pay her bills. Wife alleged that Husband has had fewer expenses and more disposable income since the parties were divorced and has the ability both to increase her alimony payments and continue the payments beyond November 2012.

The trial court conducted a trial over a course of 4 days in 2011. By the time of trial Wife was 62 years old. Wife presented testimony of the steps she has taken to become successful as a real estate agent. She testified that she attended over 170 hours of real estate classes, advertised in local publications, sent out mass mailings, pursued referrals, printed and distributed business cards, and made presentations to potential new clients. Despite her efforts, Wife has not been able to earn enough money to support herself as a real estate agent. The economic situation in the country dramatically reduced the sales of homes.

In addition to working as an agent, Wife took steps following the parties' divorce to become certified as a yoga instructor. She spent approximately $20,000 renovating her pool house to turn it into a yoga studio in an effort to appeal to those looking for a unique yoga experience. Wife testified that with the downturn in the economy she has not been able to make as much money as she had hoped teaching yoga classes and is unable to support herself in this way.

Starting in 2010 Wife decided to rent her pool house out for $700 per month. This arrangement was working well until Wife's mother, who is in her 80s, fell and was unable to move into an assisted living facility. Wife testified that her mother needs ongoing care and cannot afford to hire someone to care for her at her house. To accommodate her mother, Wife has asked her renter to move out so she could move her mother into the pool house where Wife can care for and transport her mother to places she needs to go.

During the trial Wife introduced an Income and Expense Statement in which she claimed she has monthly expenses of $8,876. In her petition Wife had stated her personal monthly expenses were approximately $5,700. Wife was unable to explain how her expenses increased over $3,000 from the time she filed her petition in 2009 to the time of trial in

2011.[1]  Wife had been awarded the marital home as part of the parties' divorce in 2004, and there is currently no mortgage on Wife's house.  In addition, Wife owns her car free and clear.

The trial court issued a Memorandum and Order in May 2012 denying Wife any relief. The court wrote:

> Ms. Owens, as the recipient of the rehabilitative alimony, has the burden of proving by a preponderance of the evidence that all reasonable efforts at rehabilitation have been made and have been unsuccessful.
>
> . . . . .
>
> Based on the proof presented and the fact the Court can give very little weight to the testimony of Ms. Owens, this Court cannot find that Ms. Owens established by a preponderance of the evidence that she has made "all reasonable efforts at rehabilitation" in her endeavor to become a successful real estate agent or broker.
>
> Additionally, . . . the Court also finds that Ms. Owens did not make "all reasonable efforts at rehabilitation" by opening a yoga studio or by becoming a yoga instructor.
>
> The Court recognizes the harsh effect this ruling will have on Ms. Owens.  Ms. Owens is 62 years old.  She has limited job skills.  Ms. Owens will be completely dependent on the income she can generate or on the generosity of her mother.
>
> While the Court concedes the harshness of this ruling, the Court must defer to the legislature and the language used in the statute.  The Court, unfortunately, has no other choice in its ruling based on the facts submitted.
>
> . . . . .

---

[1] The trial court stated that it "questions Ms. Owens' veracity for truthfulness in regard to her claim to need $8,876.00 per month for expenses.  Ms. Owens is claiming she needs this amount despite the fact that she no longer has a mortgage payment and her car is now paid off."

The Court will note that it made no finding above regarding the need of Ms. Owens. As *gratis dicta*, the Court will find that there is a continuing need on Ms. Owens' part for the alimony. . . .

Wife appeals the trial court's denial of her request for a modification of her alimony and the denial of her request for attorney's fees.

## II. MODIFICATION OF ALIMONY

Pursuant to this court's earlier decision, Wife was awarded rehabilitative alimony of $3000 per month from May of 2007 through November of 2012. Rehabilitative alimony is a "separate class of spousal support," Tenn. Code Ann. §36-5-121(e)(1), and its purpose is to provide an economically disadvantaged spouse support for a period of time to enable her or him to become and remain self-sufficient. *Sullivan*, 107 S.W.3d at 511 (citing *Loria v. Loria*, 952 S.W.2d 836, 838 (Tenn. Ct. App. 1997)). "Rehabilitative alimony is intended to promote the self-sufficiency of the disadvantaged spouse by allowing him/her to acquire additional job skills, education, or training." *Sullivan*, 107 S.W.3d at 511 (citing *Kinard*, 986 S.W.2d at 234).

In the matter before us, Wife sought an extension of the duration and an increase of the amount of her rehabilitative alimony or a conversion of it to alimony *in futuro*. That request is governed by the statute pertaining to rehabilitative alimony which provides, in pertinent part:

> An award of rehabilitative alimony shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or **otherwise modified**, upon a showing of a substantial and material change in circumstances. For rehabilitative alimony to be extended beyond the term initially established by the court, or to be increased in amount, or both, the recipient of the rehabilitative alimony shall have the burden of proving that all reasonable efforts at rehabilitation have been made and have been unsuccessful.

Tenn. Code Ann. § 36-5-121(e)(2) (emphasis added).

In determining how to measure a former spouse's economic rehabilitation, or its feasibility, it is important to note that the legislature has supplied the definition the courts are to use:

-4-

To be rehabilitated means to achieve, with reasonable effort, earning capacity that will permit the economically disadvantaged spouse's standard of living after the divorce to be reasonably comparable to the standard of living enjoyed during the marriage, or to the post-divorce standard of living expected to be available to the other spouse, considering the relevant statutory factors and the equities between the parties.

The Tennessee Supreme Court has addressed modifications to awards of rehabilitative alimony, holding:

Once awarded, rehabilitative alimony may be modified if the recipient's **prospects for economic rehabilitation materially change**. If rehabilitation is not feasible, the trial court may then make an award of alimony *in futuro*.

*Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000) (emphasis added). According to the statutory definition, the question becomes whether Wife can generate enough income to provide a pre-divorce standard of living or one comparable to Husband's.

The Supreme Court has explained that in a modification of alimony proceeding, a change in circumstances is "material" when the change occurred after alimony was initially awarded and was not anticipated when the marital property was divided, and a change is "substantial" when it affects either the obligee's need for support or the obligor's ability to pay. *Bogan*, 60 S.W.3d at 728 (citing *Watters v. Watters*, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999) and *Bowman v. Bowman*, 836 S.W.2d 563, 568 (Tenn. Ct. App. 1991)).

The trial court herein found that Wife has limited job skills and that she has a continuing need for alimony. We find that the record supports these findings. In our earlier opinion in this case, we made some findings that are relevant to the considerations before us now. We found that Wife was economically disadvantaged after comparing Husband's successful career and likelihood of continuing to earn a significant income to Wife's situation:

At the time of the trial in this case, both Ms. Owens and Mr. Owens were in their mid-fifties. Despite his failure to complete college, Mr. Owens had become a successful real estate broker and investor. He was earning between $12,000 and $13,000 per month, although the portion of his income based on commissions fluctuated. . . .

While Ms. Owens had a teaching certificate, she had not been actively employed since 1980. She had also obtained a real estate agent's license in 1978 and an associates degree in computer data entry in the 1980s. Even though this education and training went largely unused during the marriage, Ms. Owens had reacquired her real estate license and planned to make a career as a real estate agent. By the time of trial, Ms. Owens had not been working as a real estate agent long enough to determine whether she would be able to support herself in this line of work. . . .

Ms. Owens spent most of the last twenty-five years as a homemaker and parent. Her efforts enabled Mr. Owens to gain experience and to grow his real estate and investment businesses. At the same time, Ms. Owens's decision to stay at home eventually rendered her training and experience obsolete. By the time of the divorce hearing, Mr. Owens had an established career, while Ms. Owens **faced an uncertain financial future**. She had started on a new career as a realtor—one which will necessarily be short-lived because Ms. Owens faces retirement within ten years or so. Because of her employment history, Ms. Owens will receive far lower Social Security benefits than Mr. Owens expects to receive.

*Owens v. Owens*, 241 S.W.3d at 494-95 (emphasis added).

Wife's training, job skills, and opportunities for employment have not improved since the earlier opinion. She attempted to make a living as a real estate agent, but was unsuccessful. She testified to the various efforts she made to develop that business. Starting out at her age is difficult enough, and the recession greatly impacted her opportunities.[2]

In any event, the circumstances before us present a situation in which conversion of rehabilitative alimony to alimony *in futuro* is appropriate.[3] We find Wife's inability to be rehabilitated to the standard defined the statute constitutes a substantial and material change of circumstances warranting a modification of the alimony.

Once an obligee spouse has shown a substantial and material change of circumstances

---

[2]It appears to us that the trial court considered some of Wife's expenditures in her effort to open a yoga studio were not necessarily reasonable.

[3]In the case before us, Wife asked in her petition for alimony *in futuro* as an alternative to an extension and increase in rehabilitative alimony. The record does not indicate that the trial court considered awarding Wife alimony *in futuro*.

warranting a modification of an alimony award, the court should consider the relevant factors set forth in Tenn. Code Ann. § 36-5-121(i) to determine the appropriate amount of modification. *Bogan*, 60 S.W.3d at 730. The two most important factors to consider when initially making or modifying an award of alimony are the need of the disadvantaged spouse and the obligor spouse's ability to pay." *Bratton v. Bratton*, 136 S.W.3d 595, 604 (Tenn. 2004); *Bogan*, 60 S.W.3d at 730; *Oakes v. Oakes*, 235 S.W.3d 152, 160 (Tenn. Ct. App. 2007).

Wife is currently in her mid-60s and has not been able to become self-sufficient as a real estate agent, as she had planned. Wife presented testimony of her need for support and the trial court found that she had a need for continuing support.

We agree with the trial court's finding that Wife needs continuing support and conclude that alimony *in futuro* is appropriate in this case. *See* Tenn. Code Ann. § 36-5-121(d)(3) (where there is relative economic disadvantage and rehabilitation is not feasible, the court may grant an order for payment of support and maintenance on a long-term basis); *see also* Tenn. Code Ann. § 36-5-121(d)(4) (award of alimony *in futuro* may be made instead of rehabilitative alimony where rehabilitation is not feasible). The record reveals that Husband's income, while not the same year to year, has increased since the parties were divorced in 2004 and that he has fewer expenses now than he did then. The trial court concluded Husband has the ability to continue paying the amount of rehabilitative alimony previously ordered, and Husband does not contest this finding.[4]

In her petition Wife alleged she had monthly expenses of $5,700. At trial Wife submitted an Income and Expense Statement indicating she has monthly expenses of $8,876. Wife was unable to justify all of the expenses in the statement and the trial court "question[ed] Ms. Owens' veracity for truthfulness in regard to her claim to need $8,876.00 per month for expenses."

Wife testified that she and her mother own various parcels of residential real estate that produce, or are capable of producing, rental income. When the parties' marital property was divided as part of their divorce, Ms. Owens was awarded an interest in the Ragghianti-Owens Partnership that was valued in 2004 at $167,450. The record suggests that this partnership owns residential real estate that produces, or is capable of producing, rental income. At the time of trial there were no mortgages on Wife's house or car. Wife testified she intends to move her mother's things out of the house her mother was living in before moving into Wife's pool house and that she will be able to rent her mother's house out once

---

[4]Husband introduced evidence of some health issues, but he continues to work five or more days each week, and his income level does not appear to have suffered as a result of his health.

it is empty.

Considering the totality of the circumstances, we conclude Wife is entitled to alimony *in futuro* payments of $2,000 per month beginning in December of 2012, the month after her rehabilitative alimony award terminated.

While Tenn. Code Ann. § 36–5–121(d)(2) reflects a statutory preference favoring rehabilitative spousal support and transitional spousal support over long-term periodic spousal support, *Bratton v. Bratton*, 136 S.W.3d at 605; *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003), this statutory preference does not entirely displace the other forms of spousal support when the facts of the case warrant long-term or more open-ended support. *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn.1995).

### III. Attorney's Fees

We turn now to the issue of attorney's fees. The trial court ordered that each party is responsible for his or her own attorney's fees. Wife contends she is entitled to her attorney's fees incurred both at trial and on appeal. Tennessee follows the American rule providing that litigants are responsible for their own attorney's fees absent a statute or agreement between the parties providing otherwise. *State v. Brown Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000).

Wife relies on Tenn. Code Ann. §§ 36-5-101 and 36-5-103(c) as support for her request. Reasonable fees may be awarded pursuant to § 36-5-103(c) in actions to enforce a decree for alimony, which has been interpreted as including the situation where an alimony recipient is forced to defend an action to reduce or terminate that alimony. *Evans v. Evans*, 2004 WL 1882586, at *13 (Tenn. Ct. App. Aug. 23, 2004). In addition, a court may award a former spouse attorney's fees as alimony *in solido* pursuant to § 36-5-101 in a modification or alimony proceeding. *See Evans*, 2004 WL 1882586, at *15 ("ample authority exists to authorize a court to award fees in a modification proceeding on the same basis, and according to the same principles, as a fee award is made in the divorce proceeding and initial award under Tenn. Code Ann. § 36-5-101").

An award of attorney's fees is within the sound discretion of the trial court, regardless of the legal authority for the award, and will not be reversed on appeal if that discretion is not abused. *Yount v. Yount*, 91 S.W.3d 777, 783 (Tenn. Ct. App. 2002); *Evans*, 2004 WL 1882586, at *17 (Tenn. Ct. App. Aug. 23, 2004). A trial court abuses its discretion when it applies an incorrect legal standard, or reaches a decision that is not logical, bases its decision

on a clearly erroneous assessment of the evidence, or uses reasoning that causes an injustice to the complaining party. *Bailey v. Blount Cnty. Bd. of Educ.*, 303 S.W.3d 216, 237 (Tenn. 2010) (citing *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008)).

An award of fees should be "just and equitable under the facts of the case." *Sherrod v. Wix*, 849 S.W.2d 780, 785 (Tenn. Ct. App. 1992). Considering the record as a whole in this case, we find the trial court did not abuse its discretion in denying Wife her attorney's fees at trial.

Wife also seeks her attorney's fees on appeal pursuant to the same statutory authority. "Whether to award attorney's fees on appeal is a matter within the sole discretion of this Court." *Hill v. Hill*, 2007 WL 4404097, at \*6 (Tenn. Ct. App. Dec. 17, 2007) (citing *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). In determining whether an award of fees on appeal is appropriate, we consider "the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered." *Hill*, 2007 WL 4404097, at \*6 (citing *Dulin v. Dulin*, 2003 WL 22071454, at \*10 (Tenn. Ct. App. Sept. 3, 2003)).

We grant Wife an award of the attorney's fees she has incurred on appeal. We remand to the trial court for a determination of the amount of the award.

## IV. CONCLUSION

For the reasons stated above, we reverse the trial court's judgment denying Wife's motion to extend her alimony and hold that she is entitled to alimony *in futuro* in the amount of $2,000 per month beginning in December 2012. We affirm the trial court's judgment denying Wife her attorney's fees incurred at trial, but grant Wife's request for attorney's fees incurred on appeal. Costs of this appeal are taxed to the appellee, James Emery Owens.

_____
PATRICIA J. COTTRELL, JUDGE